IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| NOE K. RAQUINIO,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF HAWAIʻI,<br><br>  Defendant. | Case No. 21-cv-00318-DKW-RT<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING ACTION WITH LEAVE TO AMEND**[1] |

On July 26, 2021, Plaintiff Noe K. Raquinio, proceeding pro se, filed an application to proceed *in forma pauperis* ("IFP Application") after initiating this case two days earlier. Dkt. Nos. 1, 6. A day later, Raquinio filed an Amended Complaint (FAC), which is currently the operative pleading in this case. Dkt. No. 8.[2]

I. **The IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

demonstrates an inability to pay.  *See* 28 U.S.C. § 1915(a)(1).  While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

In the IFP Application, Dkt. No. 6, while Raquinio appears to state that he is self-employed, he also states that he receives no gross or take-home pay.  He further states that he has received no other income in the past 12 months, has no money in a checking or savings account, and owns no automobile, real property, or thing of value.  Despite this complete lack of income or assets, Raquinio states that he has expenses of $500 per month in rent.  In light of these figures, Raquinio's income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2021 Poverty Guidelines.  *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines.  In addition, Raquinio has insufficient assets to provide security.  As a result, the Court GRANTS the IFP Application, Dkt. No. 6.

## II. Screening

The Court liberally construes the pro se FAC.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).  However, the Court cannot act as counsel for a pro se

litigant, such as by supplying the essential elements of a claim.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

 Having reviewed the FAC, the Court dismisses the same with leave to amend.   The primary reason is that, therein, Raquinio essentially provides no meaningful alleged facts to guide his purported claims of (1) fabrication of evidence and (2) malicious prosecution.   The closest Raquinio gets in that regard is, in the opening paragraph of the FAC, by stating that the alleged events took place between September 26-27, 2020, and demanding that Defendant, the State of Hawai'i, drop all charges against him related to an incident report he identifies. Dkt. No. 8 at 1.   Apart from jurisdiction and venue, the remainder of the FAC constitutes a legal explanation of the purported elements of Raquinio's two claims. *Id*. at 2-8.   Notably, though, no alleged facts suggesting how the purported elements have been satisfied are contained therein.   As such, the FAC fails to provide Defendant with any meaningful notice of the claims against it and, thus, must be dismissed.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) (explaining that Federal Rule of Civil Procedure 8(a) requires "fair notice" of the nature of the claim and the grounds upon which it rests).

However, because it is certainly possible that Raquinio could allege some facts to support his claims, the Court will allow him leave to amend to do just that. In that regard, the Court will mail Raquinio a copy of a form complaint for use in a civil pro se proceeding such as this one. Should Raquinio choose to use the form mailed to him, he should answer **all** of the questions clearly and concisely.

In whatever form Raquinio chooses to present his claims, he must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right(s) he believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do; (5) how the action or inaction of a defendant is connected to the violation of his right(s); (6) what specific injury he suffered because of a defendant's conduct; and (7) what relief he seeks.

In addition, should Raquinio choose to file a second amended complaint, he may not incorporate any part of the FAC (Dkt. No. 8) or the original complaint (Dkt. No. 1) in the second amended complaint. Rather, all allegations and claims must be typed or written anew. To the extent a claim is not re-alleged in any second amended complaint, the claim may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (stating that claims dismissed with prejudice need not be re-alleged in an amended complaint to

preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled). The Court emphasizes this instruction in light of the original complaint filed here. Notably, therein, facts are alleged that are simply missing in the FAC. So it is clear, the Court will only consider facts alleged in the most recent version of any complaint filed in this case. **The Court will not combine complaints or consider facts alleged in prior versions.**

### III.   Conclusion

Raquinio's application to proceed *in forma pauperis*, Dkt. No. 6, is GRANTED. This action is DISMISSED with leave to amend as set forth herein.

Raquinio may have until **September 3, 2021** to file a second amended complaint. **The Court cautions Raquinio that failure to file a second amended complaint by September 3, 2021 in conformance with the guidance provided herein may result in the automatic dismissal of this action without prejudice.**

The Clerk is directed to mail Raquinio a copy of form "Pro Se 1" "Complaint for a Civil Case."

IT IS SO ORDERED.

Dated: August 12, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge