IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| NOE RAQUINIO,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF HAWAI'I, *et al*.,<br><br>    Defendants. | Case No. 21-cv-00318-DKW-RT<br><br>**ORDER (1) GRANTING DEFENDANT STATE OF HAWAII'S MOTION TO DISMISS; (2) DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE; AND (3) ALLOWING LEAVE TO AMEND** |

Defendant State of Hawai'i (State or Defendant) moves to dismiss the Second Amended Complaint (SAC) because: (1) Plaintiff Noe Raquinio (Raquinio or Plaintiff) has failed to allege any facts against the State; (2) the State is not a "person" for purposes of the statute−42 U.S.C. Section 1983−upon which the SAC relies; and (3) the State is immune from suit under the Eleventh Amendment of the U.S. Constitution.

While all of Defendant's arguments appear to have merit, as explained below, the Court dismisses the SAC because Plaintiff, much like in the previous iterations of his complaint, has once again failed to allege any facts against the State. Instead, the alleged facts in the SAC all concern employees of the *County* of Hawai'i. The State, therefore, is not the proper party to this lawsuit and must be dismissed.

Further, the dismissal of the State is with prejudice because Plaintiff has been afforded an opportunity to correct this deficiency and failed.   Nonetheless, because it may be possible for Plaintiff to name a proper defendant, the Court will allow a final opportunity for him to amend his complaint, as set forth below.

## RELEVANT PROCEDURAL BACKGROUND

On July 24, 2021, Raquinio initiated this lawsuit with the filing of a complaint against the State.   Dkt. No. 1.   A few days later, Raquinio filed an application to proceed in forma pauperis (IFP application) and an amended complaint (FAC). Dkt. Nos. 6, 8.   On August 12, 2021, the Court granted the IFP application, but dismissed the FAC with leave to amend (August 12, 2021 Order).   Dkt. No. 12. With respect to the latter, the Court did so because, in the FAC, Raquinio failed to allege any meaningful facts in support of his claims.   *Id*. at 3.   In permitting amendment, the Court specifically instructed Raquinio that, in any further amended complaint, he would need, among other things, to allege what each defendant did or failed to do in relation to the purported violations of his rights.   *Id*. at 4.

On August 19, 2021, Raquinio filed the instant SAC, naming the State as the sole defendant.   Dkt. No. 14.   On December 20, 2021, the State filed a motion to dismiss the SAC.   Dkt. No. 29.   On December 23, 2021, Raquinio filed two documents opposing the motion to dismiss.   Dkt. Nos. 33-34.   On January 10, 2022, the State filed a reply in support of its motion.   Dkt. No. 35.   On the same

day, Raquinio filed another document opposing the motion to dismiss.   Dkt. No. 36.

Thereafter, the Court took the motion to dismiss under advisement, Dkt. No. 37, and

this Order now follows.[1]

## STANDARD OF REVIEW

### I.   Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a

complaint that fails "to state a claim upon which relief can be granted."   Rule

12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain

statement of the claim showing that the pleader is entitled to relief."   Fed.R.Civ.P.

8(a)(2).   Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   In addition, "the tenet that a court

must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions."   *Id.*   Accordingly, "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice."   *Id*.

(citing *Twombly*, 550 U.S. at 555).   Rather, "[a] claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."   *Id*. (citing

---

[1] After the motion to dismiss was taken under advisement, Raquinio filed another document in this case.   Dkt. No. 38.   The document—entitled "Consiece [*sic*] Statement Supported by Questions"—adds nothing not already in the record.   It is also untimely.

*Twombly*, 550 U.S. at 556).   Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2).   *Id*. at 679.

## II.   <u>Pro Se Status</u>

The Court liberally construes a pro se complaint.   *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).   However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim.   *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."   *Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995).   Justice does not require leave to amend, however, when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency.   *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## ALLEGED FACTUAL BACKGROUND

Liberally construed, the SAC alleges as follows.   On January 11, 2017, Raquinio was arrested by an officer of the County of Hawaiʻi Police Department (HPD) after a traffic stop.   SAC at ¶ 7, Dkt. No. 14.   Raquinio believes that the arrest was without probable cause and without a warrant.   The arrest later became Case No. "3CPC-17-0000617" before the Third Circuit Court of the State of Hawaiʻi.   *Id*.   In January 2018, Raquinio was sentenced to four years' probation. *Id*. at ¶ 8.   Raquinio believes that the prosecuting attorney in the case "fabricated" evidence and charges against him.   *Id*. at ¶ 10.   Raquinio further alleges that, in an unrelated state case that appears to still be pending, Case No. "3DCW-21-0002074," prosecuting attorneys and HPD police officers are attempting to prosecute him based upon "forged" documents.   *Id*. at ¶ 11.

Raquinio appears to assert a claim or claims for malicious prosecution.   *See id*. at ¶¶ 12-14.   He seeks relief in the form of damages, attorney fees, the "full restoration of his record[,]" and the "removal" of Case No. 3CPC-17-0000617, Case No. 3DCW-21-0002074, and a third case, Case No. 3DCW-21-0001912.   *Id*. at ¶ 17.

## DISCUSSION

As mentioned earlier, in its motion to dismiss, the State raises three principal arguments: (1) Raquinio has failed to allege any facts against the State; (2) the State

is not a "person" for purposes of Section 1983; and (3) the State is immune from suit under the Eleventh Amendment of the U.S. Constitution.   Dkt. No. 29-1.   The motion can be resolved with the first.

Notably, the alleged facts set forth above are not directed at the actions of the defendant in this case—the State.   Instead, Raquinio alleges that police officers from the *County* of Hawai'i's Police Department have illegally arrested him and one or more prosecuting attorneys for the *County* of Hawai'i have fabricated evidence against him.   Moreover, contrary to Raquinio's assertions, *see* SAC at ¶ 11; Dkt. No. 34 at 2-3, these *County* officers are not employees of or otherwise affiliated with the *State*.   *See* Haw. Rev. Stat. § 46-1.5(14)(A)(i) (providing that each *county* shall have the power to enforce "[l]ocal police matters"); *id*. § 46-1.5(17) (providing that each *county* shall have the power to prosecute offenses "under the authority of the attorney general of the State"); *Amemiya v. Sapienza*, 629 P.2d 1126, 1129 (Haw. 1981) (explaining that, "under the authority of the attorney general of the State[,]" *county* prosecutors have the "primary authority and responsibility for initiating and conducting criminal prosecutions within [their] county jurisdiction," leaving the State attorney general with the power to intercede only in "certain compelling circumstances").   Here, Raquinio has alleged no facts suggesting that the State has

interceded in the criminal prosecutions involving him.   As a result, the State is simply the wrong defendant in this case.[2]

Further, although it is certainly possible that Raquinio could allege some facts directed toward the State, the Court made the same observation in the August 12, 2021 Order and Raquinio failed to correct this deficiency in the SAC.   Therefore, with respect to the State, the Court declines to grant additional leave to amend.   *See Abagninin*, 545 F.3d at 742; *Lucas*, 66 F.3d at 248.   In other words, the State is DISMISSED WITH PREJUDICE from this case for failure to state a claim.

Raquinio, however, may have one last attempt to amend the complaint in order to assert a claim against a defendant or defendants **other than the State**. Should he choose to file a third amended complaint, at a minimum, Raquinio must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right(s) he believes were violated; (3) the name of the defendant(s), **other than the State**, who violated those right(s); (4) exactly what each defendant did or failed to do; (5) how the action or inaction of a defendant is connected to the violation of his right(s); (6) what specific injury he suffered because of a defendant's conduct; and (7) what relief he seeks.[3]   In

---

[2]This is particularly so when, as here, the State cannot be sued under Section 1983.   *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that a State is not a "person" amenable to suit under Section 1983).

[3]With respect to relief, to the extent Raquinio still seeks "removal" or transfer of State criminal cases to this Court, as explained in prior orders, *see* Dkt. Nos. 24, 27, the Court does not see how that can be accomplished (if at all) through this lawsuit.

addition, Raquinio may not incorporate any part of his prior complaints (Dkt. Nos. 1, 8, 14) should he file a third amended complaint.   Rather, all allegations must be typed or written anew.

## CONCLUSION

For the reasons set forth herein, the motion to dismiss, Dkt. No. 29, is GRANTED and the State of Hawaiʻi is DISMISSED WITH PREJUDICE as a defendant in this case.

Raquinio may have until **February 4, 2022** to file a third amended complaint. **The Court cautions Raquinio that failure to file a third amended complaint by February 4, 2022 in conformance with the guidance provided herein may result in the automatic dismissal of this action with prejudice.**

The Clerk is directed to mail Raquinio a copy of form "Pro Se 1" "Complaint for a Civil Case."

IT IS SO ORDERED.

Dated: January 19, 2022 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

_Noe Raquinio v. State of Hawaii, et al_; Civil No. 21-00318 DKW-RT; **ORDER (1) GRANTING DEFENDANT STATE OF HAWAII'S MOTION TO DISMISS; (2) DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE; AND (3) ALLOWING LEAVE TO AMEND**