IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| NOE K. RAQUINIO,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF HAWAI'I,<br><br>Defendant. | Case No. 21-cv-00318-DKW-RT<br><br>**ORDER DIRECTING SERVICE OF THE THIRD AMENDED COMPLAINT**[1] |

On January 19, 2022, the Court entered an Order granting Defendant State of Hawai'i's (State) motion to dismiss and dismissing the State from this action with prejudice. At the same time, the Court allowed Plaintiff Noe Raquinio leave to amend in order to attempt to allege a claim against an appropriate defendant. Dkt. No. 39. On January 23, 2022, Raquinio filed a Third Amended Complaint (TAC), this time against the County of Hawai'i (County). Dkt. No. 42.[2]

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

[2] In fact, Raquinio filed the TAC twice, one on his own form and one on the standard complaint for a civil case provided by the Court. *See* Dkt. Nos. 42-43. The Court cites the former, as it contains a more complete recitation of Raquinio's apparent claims. *Compare* Dkt. No. 42, *with* Dkt. No. 43.

Therefore, because IFP status has been granted, the Court DIRECTS service as set forth below.[3]

To facilitate service, the Court ORDERS as follows:

1. The Clerk's Office is directed to send to Plaintiff: one copy of the TAC, Dkt. No. 42; one summons; one USM-285 form; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two (2) Waiver of Service of Summons forms (AO 399); an instruction sheet; and a copy of this Order.   The Clerk shall also send a copy of this Order to the U.S. Marshal.

2. Raquinio shall complete the forms as directed and submit the following documents to the U.S. Marshal in Honolulu, Hawaii: a completed USM-285 form; a copy of the TAC; the summons; a completed Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399).

3. Upon receipt of these documents from Plaintiff, the U.S. Marshal shall mail to County of Hawai'i: a copy of the TAC; a completed

---

[3] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening.   28 U.S.C. § 1915(e)(2)(B).   At this initial stage of the proceedings, and without any responsive pleading from County, the Court has screened the TAC and finds service of the same to be appropriate.

   Notice of Lawsuit and Request for Waiver of Service form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399), as directed by Plaintiff without payment of costs.  See Fed.R.Civ.P. 4(c)(3).

4. The U.S. Marshal shall retain the summons and a copy of the TAC. For each Defendant, the U.S. Marshal shall file a returned Waiver of Service of Summons form as well as any Waiver of Service of Summons form that is returned as undeliverable, as soon as it is received.

5. If a Defendant does not return a Waiver of Service of Summons form within sixty days from the date that such forms are mailed, the U.S. Marshal shall:

 a. Personally serve such Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

 b. Within ten days after personal service is effected, file the return of service for such Defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S.

        Marshal's office in photocopying additional copies of the summons and the Complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

6. If Raquinio does not wish to use the U.S. Marshal for service, as outlined above, he may serve the Defendant on his own, in compliance with Fed.R.Civ.P. 4.

7. Raquinio is cautioned that if he fails to comply with this Order and his non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

8. After service of the summons and the TAC, whether accomplished on his own or with the services of the U.S. Marshal, Raquinio must serve on Defendant or its attorney a copy of all further documents he submits to the Court. The U.S. Marshal is *not* responsible for serving such further documents on Plaintiff's behalf. Raquinio shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that a copy of the document was served on Defendant

or its counsel, and the manner in which service was accomplished. Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

9. Raquinio is further notified that he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.

IT IS SO ORDERED.

Dated: February 4, 2022 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge