IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NOE K. RAQUINIO,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF HAWAII,<br><br>　　　　　Defendant. | CIV. NO. 21-00318 DKW-RT<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE |

**FINDINGS AND RECOMMENDATION TO
DISMISS THIS ACTION WITHOUT PREJUDICE**

Plaintiff Noe K. Raquinio ("Plaintiff") filed a *Third Amended Complaint* ("*TAC*") on January 22, 2022.  ECF No. 42.  The *TAC* is the operative complaint and names the County of Hawaii ("Defendant") as the sole Defendant in this case.[1] *Id.*  Plaintiff failed to serve the Defendant by the April 22, 2022 deadline to serve the *TAC*.  On July 6, 2022, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of proper service and gave Plaintiff until July 25, 2022 to respond.  ECF No. 61.  Plaintiff filed a document titled *Plaintiffs*

---

[1] Plaintiff filed a *TAC* twice.  See ECF Nos. 42 & 43.  The district court previously determined that it would cite to ECF No. 42 "as it contains a more complete recitation of [Plaintiff's] apparent claims."  Accordingly, consistent with the district court's determination, this Court shall deem the *TAC* (ECF No. 42), filed on January 22, 2022, as the operative complaint in this case.

[sic] *Answering Order to Show Cause and Return Service to US* [sic] *Marshall* [sic] *for Service* ("Response") on July 12, 2022. ECF No. 63. After reviewing Plaintiff's *Response*, the Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

After careful review of Plaintiff's *Response*, the docket in this case and the applicable law, the Court **RECOMMENDS** that this case be dismissed without prejudice for failure to prosecute and failure to serve Defendant County of Hawaii.

## BACKGROUND

The Court will recount only those matters relevant to evaluating Plaintiff's *Response* to the Court's *Order to Show Cause*. Shortly after Plaintiff filed his *TAC*, the district court issued an *Order Directing Service of the TAC* ("Order") on February 4, 2022, which provided that the United States Marshal ("U.S. Marshal") serve the Defendant. ECF No. 44. The *Order* directed the Clerk's Office to send Plaintiff copies of the necessary forms to complete and submit to the U.S. Marshal. The U.S. Marshal is unable to effect service without these forms. The Clerk's Office sent the forms to Plaintiff on February 7, 2022. ECF No. 46. However, Plaintiff elected not to have the U.S. Marshal serve the Defendant and instead, Plaintiff assumed the responsibility of serving the Defendant. During the telephonic hearings on March 31, 2022 (ECF No. 53) and May 12, 2022 (ECF No.

55), Plaintiff confirmed that he elected to undertake serving the Defendant on his own without the U.S. Marshal's assistance.

Plaintiff previously filed multiple and several duplicate certificates of service and/or proofs of service indicating that Plaintiff served the Defendant via U.S.P.S. First-Class mail and not by personal service.  *See* ECF No. 47, February 11, 2022; ECF No. 49, February 14, 2022; ECF No. 50, February 17, 2022; ECF No. 54, April 25, 2022; & ECF No. 56, May 17, 2022.  During the telephonic hearings on March 31, 2022 (ECF No. 53) and May 12, 2022 (ECF No. 55), the Court, without providing legal advice, referred Plaintiff to Rule 4 of the Fed. R. Civ. P. and informed Plaintiff that service by mail, whether registered or certified, may not be proper under the rules.

Under Fed. R. Civ. P. 4(j)(2)(B), service of the *TAC* and summons may not be completed by mail:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by . . .
>
> (B)   serving a copy of each in the manner **prescribed by that state's law** for serving a summons or like process on such a defendant.

*Id.* (citation omitted).  Under Hawaii state law, Rule 4(d)(6)[2] of the Hawaii Rules of Civil Procedure ("Haw. R. Civ. P.") states in relevant part:

---

[2] There is a clerical error in the *Order to Show Cause*.  ECF No. 61.  The Court intended to cite to Rule 4(d)(6), but inadvertently cited Rule 4(d)(7).  This minor error does not affect the *Order to Show Cause* as the point of the Court's citation

3

> (d) Same: **Personal service**. The summons and complaint shall be served together . . . Service shall be made as follows: . . .
>
> > (6) Upon a county, as provided by statute or the county charter, or by **delivering** a copy of the summons and of the complaint to the corporation counsel or county attorney or any of his or her deputies . . .

*Id.* (emphasis added). As defined by the Hawaii courts, "'[d]elivery' requires personal service, **not service by mail**." *Demoruelle v. Bernhardt*, Civ. No. 19-00269 JAO-RT, 2019 WL 2552765, at *1 (D. Haw. June 20, 2019) (citing *Wagner v. World Botanical Gardens, Inc.*, 126 Hawaiʻi 190, 198, 268 P.3d 443, 451 (Haw. Ct. App. 2011)) (emphasis added). Plaintiff has not provided any evidence that the *TAC* and Summons was served in person. The evidence Plaintiff filed shows that Plaintiff attempted to serve Defendant via mail, which is not the proper method of service under the applicable rules. Plaintiff has thus failed to effectuate service on Defendant County of Hawaii in compliance with Rule 4 of both the Fed. R. Civ. P. and Haw. R. Civ. P.

On July 6, 2022, the Court issued an *Order to Show Cause* requiring Defendant to explain why this action should not be dismissed for lack of proper service. ECF No. 61. On July 7, 2022, Plaintiff filed a *Notice of Service to US*

---

was to show that personal service was required. In both Rule 4(d)(6) and 4(d)(7), personal service is required.

[sic] *Marshals for Service* ("Notice"). ECF No. 62. Plaintiff filed his *Response* on July 12, 2022. ECF No. 63.

## DISCUSSION

In this case, over three months have passed since the deadline to serve Defendant expired on April 22, 2022. Rule 4(m) of the Fed. R. Civ. P. sets the deadline to serve:

> If a defendant is not served within **90 days** after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows **good cause** for the failure, the court must extend the time for service for an appropriate period.

*Id.* (emphasis added). The Court provided Plaintiff with an opportunity to establish good cause for failure to timely serve the Defendant when it issued its *Order to Show Cause* and granted Plaintiff leave to respond. ECF No. 61. Plaintiff filed a document titled *Notice*, but the *Notice* was simply a short, one-paragraph explanation stating that Plaintiff "reprinted the order and the documents in the service order" and sent them to the U.S. Marshal's office. ECF No. 62. Plaintiff also filed a *Response* to this Court's *Order to Show Cause*, but Plaintiff again failed to provide any explanation that could be construed as good cause. ECF No. 63. Rather, Plaintiff argued that service by registered, certified mail was sufficient despite this Court's explanation during the telephonic hearings (ECF Nos. 53 & 55) and in the *Order to Show Cause* that service by mail is improper.

5

ECF No. 63 at PageID #: 288. Accordingly, this Court cannot find that good cause exists and thus shall not extend the time to serve the Defendant.

Further, "[i]t is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citation omitted). Plaintiff's failure to serve the Defendant constitutes a lack of prosecution, and a failure to comply with LR16.1. Pursuant to LR16.1:

> All counsel and self-represented litigants shall proceed with diligence to take all steps necessary to bring an action to readiness for trial. When it appears that counsel or a self-represented party is not prosecuting the case with such diligence, the court may impose sanctions, including dismissal of the case after notice and an opportunity to be heard.

*Id.* Under LR16.1, the Court may dismiss this case based on Plaintiff's failure to prosecute this case. Further, Rule 41(b) of the Fed. R. Civ. P. authorizes the Court to sua sponte dismiss an action for failure to prosecute or to comply with the rules or a court order. Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Service*, 403 F.3d 683, 689 (9th Cir. 2005) ("the consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances) (citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.")) (citations omitted).

6

The Court considers five factors in determining whether dismissal is appropriate in this case:

    (1)    the public's interest in expeditious resolution of litigation;

    (2)    the court's need to manage its docket;

    (3)    the risk of prejudice to defendants/respondents;

    (4)    the availability of less drastic alternatives; and

    (5)    the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). First, the public's interest in expeditious resolution of litigation strongly favors dismissal. Second, the Court's need to manage its docket also strongly weighs in favor of dismissal. This is especially true where the district court issued its *Order* providing that the U.S. Marshal effect service on the Defendant and yet, Plaintiff disregarded the assistance offered. Third, there is minimal risk of prejudice to the Defendant as service has not been completed, and the Defendant has not yet litigated this case. Fourth, there are no less drastic alternatives available at this time. Despite the district court's *Order* directing the U.S. Marshal to effect service, this Court's repeated warnings, and the opportunity to establish good cause, Plaintiff has

refused to comply with the rules governing service.[3]  Fifth, public policy favors disposition of cases on their merits and thus, this factor weighs against dismissal.  Under *Pagtalunan*, three out of the five factors favor dismissal.  This Court thus recommends to the district court that this action be dismissed without prejudice.

## CONCLUSION

In accordance with the foregoing, the Court **FINDS** that the *Pagtalunan* factors weigh in favor of dismissal and **RECOMMENDS** that the district court dismiss this action without prejudice based on failure to prosecute and failure to serve.

The Clerk's Office is directed to mail a copy of this Court's Finding and Recommendations to the U.S. Marshals.

//

//

---

[3] On July 7, 2022, Plaintiff filed a *Notice* in which he claims to have "reprinted the order and the documents in the service order to be sent as ordered to the U.S. Marshals Service[.]"  ECF No. 62.  Plaintiff also included in his *Notice* a blurry picture of an envelope and a vague Certificate of Service which he claims was "sent to US [sic] Marshals for Proper Service[,]" but this does not establish that Plaintiff in fact completed and submitted the necessary forms to the U.S. Marshal.  *Id.*  Moreover, in his *Response*, Plaintiff claims that the "County of Hawaii accepted the complaint that was registered certified mail by USPS AND SIGNED THE RETURN RECIEPT [sic] WHICH IS PROOF THAT THEY PERSONALLY ACCEPTED THE COMPLAINT."  ECF No. 63 (emphasis in original).  This indicates that Plaintiff still believes that service can be completed by mail and that Plaintiff does not intend to follow the rules regarding service.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 29, 2022.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 21-00318 DKW-RT; *Noe K. Raquinio vs. County of Hawaii*; Findings and Recommendation to Dismiss This Action Without Prejudice